**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Francisco FLORES–BABICHI,**
**Defendant–Appellant.**

**No. 10–10345.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 25, 2011.*

Filed Oct. 26, 2011.

G. Micah Schmit, Esquire, Assistant U.S., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Jill Elaine Thorpe, Tucson, AZ, for Defendant–Appellant.

Before: TROTT, GOULD, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Francisco Flores–Babichi appeals from the 77–month sentence imposed following remand for resentencing. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Flores–Babichi contends that his sentence is substantively unreasonable under *United States v. Amezcua–Vasquez,* 567

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

F.3d 1050 (9th Cir.2009), given the staleness of his prior conviction, and his alleged cultural assimilation. The record reflects that the sentence imposed is substantively reasonable in light of the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. § 3553(a). *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *United States v. Valencia–Barragan,* 608 F.3d 1103, 1108–09 (9th Cir.2010) (district court did not abuse its discretion in applying 16-level enhancement where § 3553(a) factors supported within-Guidelines sentence).

**AFFIRMED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.